UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ANDREW TREVOR CLARKE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF FULLERTON; MICHAEL SELLERS, Chief of Police individually and as a peace officer; CARY TONG #1341, individually and as a peace officer; SAM CONTINO #774, individually and as a peace officer; KENTON HAMPTON #1337, individually and as a peace officer; DOE BOLDEN # UNKNOWN, individually and as a peace officer; DOE SALAZAR # UNKNOWN, individually and as a peace officer; DOE WORLEY # UNKNOWN, individually and as a peace officer; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. SACV12 373 JST (JPRx)<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Judge: Hon. Judge Josephine Tucker<br><br>Trial Date:　　August 19, 2013 |

　　　The parties hereto have stipulated and agreed to entry of a Protective Order in this case. A Protective Order shall be entered in this case, with the following terms, conditions, and requirements:

4811-6830-9521.1

LEWIS
BRISBOIS

# PROTECTIVE ORDER

1. Certain information, documents, and other things ("Discovery Material") discovered from a party under the Federal Rules of Civil Procedure or voluntarily produced by a party in this action may include confidential or private information of the party from which the discovery is sought. Discovery Material includes but it not limited to: documents pertaining to the Fullerton Police Department's Internal Affairs investigation into the incident that gives rise to this litigation; documents within the personnel files of any of the police officer defendants; and, documents pertaining to any citizen's complaint made against the police officer defendants. Information, documents, and other things, which are otherwise not objectionable, shall only be produced whether voluntarily or in response to formal discovery, subject to this Protective Order ("Order").

2. Any of the parties producing Discovery Material in this litigation may designate Discovery Material produced by it/him/her as "Highly Confidential – Attorney's Eyes Only" under the terms of this Order. This designation shall be limited to information which the disclosing party in good faith believes contains or reveals private, confidential, proprietary, or commercially sensitive information that requires the protections provided by this Order. For purposes of this Order, Discovery Material that may be designated "Highly Confidential – Attorney's Eyes Only" includes all non-public materials which contain information reflecting or related to: employment files; personnel records; strategies for training or response; trade secrets; proprietary information; studies or analysis by outside expert or investigator; proprietary technical information; financial or tax data; personal financial information; personal information; and documents defined and/or described in California Penal Code sections 832.5, 832.7, and 832.8. A party may designate Discovery Material as "Highly Confidential – Attorney's Eyes Only" that it believes contains or refers to trade secrets, non-public information, and or private

1  information that, if disclosed, could cause injury to the producing party.

2      3.     Discovery Material that is designated "Highly Confidential –
3  Attorney's Eyes Only," and any documents or information derived therefrom, shall
4  be used solely for purposes of this litigation and may not be used for any other
5  purpose whatsoever, including but not limited to the purpose of dissemination to the
6  media or the public, or in connection with any other litigation.

7      4.     Discovery Material designated "Highly Confidential – Attorney's Eyes
8  Only" may be disclosed, summarized, described, characterized or otherwise
9  communicated or made available in whole or in part to the following persons:  (a)
10 in-house counsel for the parties and outside attorneys who represent parties in this
11 litigation, and whose law firm has entered an appearance in this litigation; (b)
12 experts or consultants, including information technology vendors, and their
13 employees and/or staff members engaged to assist counsel for a party in the
14 litigation; (c) witnesses deposed who are within the control of the producing party or
15 are represented by counsel for the producing party; (d) the Court; (e) court reporters
16 employed by the Court or in connection with the litigation; (f) authors or recipients
17 of documents or persons referred to in any document; and (g) any other person only
18 upon order of the Court or upon stipulation of the producing party.

19     5.     Anyone other than court personnel who receives "HIGHLY
20 CONFIDENTIAL – ATTORNEY'S EYES ONLY" discovery material shall first be
21 provided with a copy of this Protective Order and shall first sign an agreement
22 agreeing to be bound by its terms concerning the use of these discovery materials.

23     6.     The designation of Discovery Material as "Highly Confidential –
24 Attorney's Eyes Only" shall be so designated by affixing the legend, as appropriate,
25 of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page
26 containing any "Highly Confidential – Attorney's Eyes Only" Discovery Material.
27 Affixing the appropriate legend on the cover of any multipage document which is
28

bound, stapled, or otherwise securely attached shall designate all pages of the document as "Highly Confidential – Attorney's Eyes Only," unless otherwise indicated by the producing party.

7. If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend.  In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the party had already disseminated the Confidential Information to any person, the party will notify all such persons in writing of the need to return such Confidential Information and not to further disseminate it. The initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality.

8. In the case of depositions or other pretrial testimony, the designation of Discovery Material as "Highly Confidential – Attorney's Eyes Only" for purposes of this order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Highly Confidential – Attorney's Eyes Only" Discovery Material.  All deposition transcripts and other pretrial testimony shall be treated as "Highly Confidential – Attorney's Eyes Only" until the expiration of the twentieth business day after receipt by counsel of a copy of the transcript thereof.  Thereafter, only those portions of the transcripts designated as "Highly Confidential – Attorney's Eyes Only" in the litigation shall be deemed "Highly

1  Confidential – Attorney's Eyes Only" Discovery Material.  The parties may modify
2  this procedure for any particular deposition, through agreement on the record at such
3  deposition, without further order of the Court.  The parties acknowledge that no
4  amendment or modification agreed to by the parties will have the force or effect of a
5  Court order unless the Court approves it.

6       9.    "Highly Confidential – Attorney's Eyes Only" Discovery Material may
7  be provided to persons listed in paragraph 4 above, provided that such individuals
8  are using said "Highly Confidential – Attorney's Eyes Only" Discovery Material
9  solely in connection with this litigation and provided further that such individuals
10 (other than court personnel) sign a nondisclosure agreement in the form of the
11 Assurance of Compliance at Exhibit A attached hereto.

12      10.    In the event that counsel for any party determines to file with the Court
13 any document subject to the provisions of this Order, or to submit to the Court any
14 such document or in the information contained therein for any purpose, such
15 document or information shall be filed in full compliance with Local Rule 79-5.

16      11.    Parties acknowledge that any request to file a document under seal
17 must comply with Local Rule 79-5.  If the Court grants a party permission to file an
18 item under seal, a duplicate disclosing all non-confidential information shall be filed
19 and made part of the public record.

20      12.    If information subject to a claim of attorney-client privilege, the
21 attorney work product doctrine, or any other ground on which production of such
22 information should not be made to any party is nevertheless inadvertently produced
23 to such party or parties, such production shall in no way prejudice or otherwise
24 constitute a waiver of, or estoppel as to, any claim of privilege, work product, or
25 other ground for withholding production to which the producing party would
26 otherwise be entitled.

27      13.    In the event that "Highly Confidential – Attorney's Eyes Only"
28

Discovery Material is used in any court proceeding in this action, counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such court proceedings.

14.   The parties to the litigation agree that the production of any Discovery Material by any non-party to the litigation shall be subject to and governed by the terms of this Order, and a party may designate as "Highly Confidential – Attorney's Eyes Only" any materials produced by a non-party if such designation is appropriate under this Order.

15.   In the event that additional parties join or are joined in the litigation, they shall not have access to "Highly Confidential – Attorney's Eyes Only" Discovery Material until newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

16.   The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the parties; however, all material produced and designated as "Highly Confidential – Attorney's Eyes Only" in the manner prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as though entered by the Court.

17.   If any third party serves a subpoena or other process or request seeking to review any information designated as "Highly Confidential – Attorney's Eyes Only," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing.  Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Highly Confidential – Attorney's Eyes Only" Discovery Material covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.  The parties must comply with any

1  lawfully issued subpoena or process from a third party absent a court order to the
2  contrary.
3       18.   Nothing in this Order shall bar or otherwise restrict counsel for any
4  party from rendering advice to their clients with respect to this litigation and, in the
5  course thereof, from relying upon the examination of "Highly Confidential –
6  Attorney's Eyes Only" Discovery Material except in accordance with the terms of
7  this Order.
8       19.   Nothing in this Order, nor the production of any information or
9  document under the terms of this Order, nor any proceedings pursuant to this Order,
10 shall be deemed to have the effect of an admission or waiver by either party or of
11 altering the confidentiality or non-confidentiality of any such document or
12 information or altering any existing obligation of any party or the absence thereof.
13      20.   This Order shall survive the final termination of this action, to the
14 extent that the information contained in "Highly Confidential – Attorney's Eyes
15 Only" Discovery Material is not or does not become known to the public, and the
16 Court shall retain jurisdiction to resolve any dispute concerning the use of the
17 information disclosed hereunder.  Within sixty (60) calendar days after the
18 conclusion of this action in its entirety (including expiration of appeal periods or the
19 execution of a settlement agreement among the parties finally disposing of this
20 action), all parties and persons having received "Highly Confidential – Attorney's
21 Eyes Only" Discovery Material shall dispose of all such material either by (i)
22 returning such material to counsel for the producing party, or (ii) destroying such
23 material in a manner that ensures that it will not be disclosed to or disseminated or
24 received by any person.  Upon request, the parties and their counsel shall separately
25 provide written certification to any producing party making the request that such
26 disposal has been completed.  Outside counsel for the parties shall be entitled to
27 retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at
28

1 depositions, and at trial, and attorney work-product, including materials which
2 contain, quote, discuss, or analyze "Highly Confidential – Attorney's Eyes Only"
3 Discovery Material, provided that such counsel and employees of such counsel shall
4 not disclose such materials to any person unless, after reasonable prior notice to the
5 producing party, the disclosing counsel has obtained permission pursuant to court
6 order or by agreement of the producing party.  The "Highly Confidential –
7 Attorney's Eyes Only" Discovery Material kept by counsel pursuant to this
8 paragraph shall be maintained in accordance with the terms of this Order.  Unless
9 otherwise agreed, outside counsel for each party may retain archival copies of all
10 "Highly Confidential – Attorney's Eyes Only" Discovery Material marked as an
11 exhibit during a deposition, used at a hearing or at trial, or filed with the Court, and
12 this Order shall remain in force with respect to such material.
13     21. This Agreement shall be binding upon and for the benefit of the
14 undersigned parties, their successors and assigns.
15     22. This Order is not binding on the Court or Court personnel.  The Court
16 may amend or modify this Order in the interests of justice or for public policy
17 reasons at any time.

Dated: January 3, 2013            **MARDIROSSIAN & ASSOCIATES, INC.**
                                  **THE BECK LAW FIRM**


                                  By:  __/s/_____
                                       Rowena J. Dizon, Esq.
                                       Attorneys for Plaintiff Andrew Trevor
                                       Clarke

LEWIS BRISBOIS

| | | |
|---|---|---|
| Dated: January 3, 2013 | | **LEWIS BRISBOIS BISGAARD & SMITH LLP** |

By: __/s/_____
Dana A. Fox
Barry Hassenberg
Attorneys for Defendants
CITY OF FULLERTON,
MICHAEL SELLERS, Chief of Police,
OFFICERS CARY TONG #1341, SAM CONTINO #774, DOE BOLDEN #UNKNOWN, DOE SALAZAR #UNKNOWN, and DOE WORLEY #UNKNOWN

Dated: January 3, 2013                    **CARPENTER, ROTHANS & DUMONT**

By: __/s/_____
Jill Williams, Esq.
Attorneys for Defendant OFFICER KENTON HAMPTON

APPROVED AND SO ORDERED.

DATED:  January 11, 2013

_____
Hon. Judge Jean P. Rosenbluth
U.S. District Court Magistrate Judge

# EXHIBIT A
## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside in the City/County of _____, and State of _____.

I have read the annexed Protective Order ("Order") dated _____, 2013 in the action entitled *Andrew Trevor Clarke v. City of Fullerton, et al.,* Case No. SACV12-0373, which is currently pending in the United States District Court of California, Central District.

I am familiar with and agree to comply with and be bound by the provision of that Order, and I will not divulge to persons other than those specifically authorized by the Order, and will copy or use solely for the purpose of this litigation, any Discovery Material designated as "Highly Confidential - Attorneys' Eyes Only."

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

_____
(Signature)

4811-6830-9521.1

10

PROTECTIVE ORDER